CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SHANNON COIT (Bar No. 298694)
E-Mail: Shannon_Coit@fd.og
RYAN SHELLEY (Bar. No. 337528)
E-Mail: Ryan_Shelley@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4784
Facsimile: (213) 894-0081

Attorneys for Defendant
MAKSIM ZAITSEV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAKSIM ZAITSEV,<br><br>Defendant. | Case No. CR 2:25-cr-00154-SPG<br><br>**MAKSIM ZAITSEV'S OPPOSITION TO GOVERNEMNT'S MOTION *IN LIMINE* #2 TO PRECLUDE ANY EVIDENCE OF DEFENDANT'S SUBSEQUENT INJURIES**<br><br>**Trial Date:** May 20, 2025<br>**Hearing Date:** May 6, 2025<br>**Hearing Time:** 10:00 a.m. |

## I. INTRODUCTION

The government's own reports describe how ICE officers forcefully arrested Mr. Zaitsev, pressing him against the wall and using force against him *before* any alleged assault occurred. These reports further allege that, while Mr. Zaitsev bit an ICE officer, the officer punched Mr. Zaitsev multiples times in the face and another officer did the same all while Mr. Zaitsev's hands were handcuffed behind him. The government also admits to this fact in its Motion. Evidence of Mr. Zaitsev's injuries before and during any alleged bite is plainly relevant to assessing the reasonable of the force Mr. Zaitsev used, as well as his other defenses. Further, the danger of unfair prejudice does not outweigh this evidence's probative value. Courts regularly allow argument and evidence relating to an individual's injuries into evidence, including medical records and photos, and the Court should do the same here.

## II. ARGUMENT

**A.     Mr. Zaitsev's Injuries Are Relevant to His Defense.**

If Mr. Zaitsev brings a defense based on a theory of self-defense, evidence of Mr. Zaitsev's injuries is directly relevant an element of the charged offense. As an initial matter, self-defense against an officer's unlawful force is a recognized defense to assaulting a federal agent under 18 U.S.C. § 111. *See* Ninth Circuit Model Jury Instruction No. 8.3 (2022 ed.); *United States v. Span*, 970 F.2d 573, 577 (9th Cir. 1992). And "[w]hen there is evidence of self-defense, an additional element should be added to the instruction on the substantive offense." Ninth Circuit Model Jury Instruction No. 5.10, Comment 2 (2022 ed.) (citing *United States v. Pierre*, 254 F.3d 872, 876 (9th Cir. 2001)). And, though the government seeks to exclude it, Mr. Zaitsev's injuries are relevant to whether the government can meet its burden to prove beyond a reasonable doubt that Mr. Zaitsev did not act in self-defense if that is Mr. Zaitsev's defense at trial.

At this point, the limited discovery produced by the government, and submitted

to the Court at Mr. Zaitsev's bond hearing (Ex. A), demonstrate that Mr. Zaitsev's injuries are relevant to his defenses.  First, one of the two ICE officers present during the incident, Officer Hisle, admitted hours after the incident that he and the other officer, Officer Robles, used force against Mr. Zaitsev before any alleged bite occurred. (*See* Ex. A at 5-6.)  Specifically, Officer Hisle reportedly stated that the officers began arresting Mr. Zaitsev and "had him against the wall," (*id.* at 5), then after walking him down a hallway, both he and Officer Robles "had to use force" against Mr. Zaitsev, (*id.* at 6).  This "use [of] force" occurred *before* Officer Hisle claims that Mr. Zaitsev bit Officer Robles. (*Id.*)  Officer Hisle further admits that the officers were already on the ground over Mr. Zaitsev before the alleged bite.  (*See id.*) ("*At some point on the ground* Hisle heard his partner Robles say that [Mr.] Zaitsev was biting his finger.") This allegation is confirmed by the sworn affidavit that supported the initial Complaint. (Dkt. No. 1 ¶ 9.)  Second, the officers inflicted further injuries to Mr. Zaitsev during— not after—the alleged bite.  Officer Robles detailed how he (and Officer Hisle) struck Mr. Zaitsev with a closed fist to the face several times *while* the biting occurred.  (Ex. A at 4.)  Officer Hisle also recounted how he and Officer Roble struck Mr. Zaitsev repeatedly *up until* the moment of release. (*Id.* at 6.)  The government also concedes this point in its instant motion.  (Dkt. No. 28 at 3 ("[T]he officer then began to strike defendant in the face until the defendant released the officer's finger.").)  The injuries inflicted on Mr. Zaitsev during the alleged bite contribute to the use of force then used by Mr. Zaitsev.

Moreover, courts regularly hold it is premature to exclude evidence material to a defendant's defense "at this stage." United States v. Bundy, 2017 WL 4803931, at *4 (D. Nev. Oct. 23, 2017) (rejecting government's request to exclude evidence relevant to defenses to charges under 18 U.S.C. § 111 because it "would improperly prevent Defendants from fully presenting these defenses to the jury"); *see also United States v. Marshall*, 544 F. Supp. 3d 1032, 1037 (D. Mont. 2021) ("The government cannot have

it both ways: it cannot claim [a defendant] lied about [an element of a defense] and then preclude all information potentially related to [the defendant's] defense . . . .").

In short, the government's own reports allege that officers (1) "use[d] force" against Mr. Zaitsev prior to any alleged assault; and (2) they struck him multiple times during the alleged biting, exasperating any alleged assault. Mr. Zaitsev's injuries are therefore plainly relevant to evaluating the force used against him and the force he used before and during his alleged assault.

Accordingly, the Court should not preclude evidence or argument relating to Mr. Zaitsev's injuries.

**B.   Mr. Zaitsev's Injuries Are Highly Probative and Outweigh Any Risk of Undue Prejudice.**

Rule 403 has been long "characterized . . . as an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (internal quotation marks omitted). "Rule 403 does not permit the court to exclude [a party]'s evidence simply because it may hurt the [other party]." *Old Chief v. United States*, 519 U.S. 172, 193 (1997) (O'Connor, J., dissenting); *see also United States v. Marshall*, 544 F. Supp. 3d 1032, 1038 (D. Mont. 2021) ("Rule [403] only prohibits prejudice that is unfair, not evidence directly challenging the government's assertion as material to its case.").

Mr. Zaitsev's injuries are highly probative to his potential defense and an element of the charge offense. As discussed above, evidence of Mr. Zaitsev's injuries are relevant to the officer's use of force and the reasonableness of Mr. Zaitsev's force. Argument and evidence of his injuries, including photographs and medical records, capture the extent of his injuries and are uniquely illustrative and accurate, even if the evidence is graphic. *See United States v. Goseyun,* 789 F.2d 1386, 1387 (9th Cir. 1986) (holding a district court did not err when admitting photographs showing "massive injuries to a victim's head" because they were relevant to cause of death and the

3

premeditated nature of the murder); *United States v. Young*, 2019 WL 9518229 at *3 (C.D. Cal. Apr. 8, 2019) ("Probative evidence is not inadmissible solely because it could upset the jury."). For example, photographs of Mr. Zaitsev following the incident allow jurors to visualize the extent of Mr. Zaitsev's injuries and medical reports similarly provide context to Mr. Zaitsev's injuries, all without bias. *See, e.g., Goseyun,* 789 F.2d at 1387; *United States v. Benally*, 656 F. App'x 858, 859 (9th Cir. 2016) ("The expert testimony on the cause of death did not make the [autopsy] photos duplicative because a visual depiction may be easier to grasp than medical testimony."); *Escalon v. K.V.S.P. Warden*, 2020 WL 417531 at *12 (E.D. Cal. Jan. 27, 2020) (concluding photographs were highly probative when "the jurors could see for themselves the blow to [the decedent]'s head, and the images assisted the jury in understanding [the medical] testimony"). Further, such evidence of these injuries will corroborate testimony elicited during trial. There is also no other comparable evidence available to support Mr. Zaitsev's defenses because neither of the two cameras in the ICE office's lobby were operating at the time of the incident and apparently no cameras recorded the actual incident. (Ex. A at 7 (reporting that a DHS officer "conducted a walkthrough of the area of where the incident occurred" and "did not observe any Video Surveillance System (VSS) cameras in the area," as well as that "the cameras in the lobby are not operational and do not record").)

The government could not cite to a single case excluding evidence of injuries like the ones in this case and that is because Ninth Circuit regularly admits this type of evidence.[1] In fact, it is the government that regularly seeks to admit this evidence. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 968 (9th Cir. 2007) (explaining that photographic "evidence of post-mortem decapitation and dismemberment" was more

---

[1] Notably, the Ninth Circuit has even held that so-called inflammatory evidence are admissible even when the parties stipulate to the facts at issue. *See Benally*, 656 F. App'x at 859 (noting that stipulation as to the cause of death would not render photos of decedent's heart and open chest cavity too prejudicial).

4

1  probative than prejudicial when it "shed light on the veracity of [defendant]'s theory of
2  defense"); *United States v. Inoue*, 463 F. App'x 643, 645 (9th Cir. 2011) (affirming the
3  admission of color photographs of victim's injuries as "highly probative of several
4  material issues in dispute"); *Young*, 2019 WL 9518229 at *4-5 (holding graphic
5  coroner photograph's of the victim's body and injuries, including close ups of the bullet
6  wound injuries, were "highly probative" when they went "directly to proving the
7  [government's] material and disputed points"); *Cain v. Chappell*, 2013 WL 12199433
8  at *5 (C.D. Cal. July 2, 2013), *aff'd*, 870 F.3d 1003 (9th Cir. 2017) (affirming fair trial
9  when admission of photographs of victim's bodies were relevant to demonstrate extent
10 and circumstances of injuries in favor of the government).  Evidence of Mr. Zaitsev's
11 injuries will also not be the only potentially inflammatory evidence the jurors evaluate;
12 the defense anticipates the government will seek to admit evidence relating to the
13 officer's injury.  Afterall, "[t]his is a[n assault] trial, and there is a strong likelihood that
14 evidence, although [mildly] gruesome in nature, will be presented before the jury. And
15 gruesomeness alone is insufficient for exclusion when the proffered evidence is highly
16 probative of the charged crime [or defense]." *United States v. Garrity*, 2025 WL
17 879979 at *1 (D. Ariz. Mar. 21, 2025) (citing *Rivers v. United States*, 270 F.2d 435,
18 438 (9th Cir. 1959) (holding photographs of the decedent were highly probative of the
19 nature of their injuries and whether the defendant acted in self-defense)).
20         Evidence of Mr. Zaitsev's injuries is highly probative, which outweighs any risk
21 of undue prejudice, and falls squarely within Ninth Circuit precedent of admitting such
22 evidence. The Court should not preclude this evidence under Rule 403.
23 //
24 //

## III. CONCLUSION

Argument and evidence relating to Mr. Zaitsev's injuries is unequivocally relevant and highly probative to Mr. Zaitsev's defenses. This probation value outweighs any potential prejudice. The Court should deny the government's motion *in limine* seeking to preclude argument and evidence relating to Mr. Zaitsev's injuries.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: April 16, 2025          By  /s/*Shannon Coit*
                               SHANNON COIT
                               RYAN SHELLEY
                               Deputy Federal Public Defenders
                               Attorneys for Maksim Zaitsev