BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6159/6595
    E-mail:  Rahul.Hari@usdoj.gov
         Neil.Thakor@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-cr-00154-SPG |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date: May 6, 2025 |
| MAKSIM ZAITSEV, | Trial Time: 8:30 a.m. |
| Defendant. | Location: Courtroom of the Hon. Sherilyn P. Garnett |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California

//

//

and Assistant United States Attorneys Rahul R.A. Hari and Neil P. Thakor, hereby files its Trial Memorandum.

Dated: April 30, 2025                    Respectfully submitted,

                                              BILAL A. ESSAYLI
                                              United States Attorney

                                              LINDSEY GREER DOTSON
                                              Assistant United States Attorney
                                              Chief, Criminal Division

                                                   /s/
                                              RAHUL R.A. HARI
                                              NEIL P. THAKOR
                                              Assistant United States Attorney

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

**TRIAL MEMORANDUM**

**I.   FACTUAL SUMMARY**

The government anticipates that the evidence will show that on February 25, 2025, defendant arrived at the 300 N. Federal Building in Downtown, Los Angeles, in response to a United States Customs and Immigration Services ("USCIS") notice of appointment.

Defendant and his wife arrived at the Federal Building, waited in the security line, took the elevator to the seventh floor, and checked in at the USCIS office at a glass window. The evidence will show that the office has two uniformed federal officers outside its doors and that federal employees run the customer windows.

At approximately 10:00am, defendant was called into an interview room outside of the public waiting area and behind an employee-only door. Two ICE officers, Officer Farris Hisle and Officer Ivan Robles identified themselves as federal officers, informed defendant he was being arrested, and placed him in handcuffs. Defendant was then walked out of the interview room down a private hallway inside the USCIS office space and then out a door back into the public hallway. Upon entering the public hallway and seeing the lobby where he knew his wife to be waiting, defendant began kicking off the wall, dropping his body weight to the ground, and turning back around. At approximately 10:08, in an effort to remain standing and direct defendant towards a private elevator down to ICE facilities, Officer Robles attempted to redirect defendant's face forward and away from himself. Defendant bit down on Officer Robles' finger, lacerating flesh and fracturing bone. Defendant continued biting down on Officer Robles' finger until both officers struck defendant multiple times. Upon unclenching his bite, defendant told officers he was

"sorry" for biting.  The government expects the evidence will show that at all times defendant was aware that the officers were federal officers or employees, defendant did not believe force was necessary to defend against immediate use of unlawful force, and defendant used more force than reasonably necessary in the circumstances.

Officer Robles presented at urgent care for treatment for his finger injury.  He was informed of the high-risk of infection and communicable diseases associated with human bites and shown X-rays of his displaced fracture.  Officer Robles was placed on three-week medical leave as a result of his finger injury.  He received multiple gluteus injections to prevent bone infection, and he has continuing nerve damage as a result of the fracture.

## II.   STATEMENT OF THE CHARGE

Defendant is charged with one count of assault on a federal officer resulting in bodily injury in violation of 18 U.S.C. § 111(a)(1), (b).

The government must prove at trial: (1) defendant forcibly assaulted a federal officer or employee, (2) defendant did so while the federal officer or employee was engaged in, or on account of, his official duties, and (3) defendant inflicted bodily injury.  Ninth Cir. Model Jury Instructions 8.2 (2022 ed.).

If defendant raises a self-defense argument, the government must additionally prove at trial: (1) defendant knew that the federal officer or employee was a federal officer or employee, (2) defendant did not reasonably believe force was necessary to defend against an immediate use of unlawful force, or (3) defendant used more force than appeared reasonably necessary in the circumstances.  Ninth Cir. Model Jury Instructions 8.3 (2022 ed.).

**III. GOVERNMENT'S CASE-IN-CHIEF TIME ESTIMATE**

In total, the government estimates that its case-in-chief (with a reasonable allotment for cross-examination) will be approximately one day. The government intends to call five witnesses in its case-in chief, including (1) Officer Ivan Robles, (2) Officer Farris Hisle, (3) Special Agent Thomas J. Smith, (4) Danny L. Harrison, M.D., and (5) Steven Shin, M.D.[1]

**IV. RELEVANT LEGAL AND EVIDENTIARY ISSUES**

   **A.   Pending Motions**

The government has filed four motions in limine to preclude evidence and argument. Dkts. 27, 28, 38, 39. Specifically, these motions seek to preclude evidence and argument:

- Seeking jury nullification (Motion in Limine No. 1);
- Evidence of defendant's subsequent injuries (Motion in Limine No. 2);
- Regarding the lawfulness of defendant's immigration arrest (Motion in Limine No. 3);
- Pursuing a self-defense theory (Motion in Limine No. 4); and
- Evidence from the personnel files of DOs Robles and Hisle (Motion in Limine No. 5).

   **B.   Admissibility of Defendant's Statements**

At trial, the government will offer into evidence some of defendant's prior statements. Specifically, defendant's statement of apology to his arresting officers immediately following his arrest. A defendant's statements, when offered by the government, are

---

[1] The government reserves the right to call additional witnesses in either its case-in-chief or rebuttal case (if any).

3

admissions by a party-opponent and are therefore not hearsay.  Fed. R. Evid. 801(d)(2); see United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000).  The hearsay rule prohibits a defendant from obtaining the benefit of testifying without subjecting herself to cross-examination by placing her self-serving prior statements before the jury through other witnesses. Fed. R. Evid. 801(c); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).

  **C. Expert Opinion Testimony**

  A qualified expert witness may provide opinion testimony on a fact at issue if specialized knowledge will assist the trier of fact. Fed. R. Evid. 702.  The Court has broad discretion to determine whether to admit expert testimony.  United States v. Anderson, 813 F.2d 1450, 1458 (9th Cir. 1987) (affirming district court decision to admit expert's testimony based on personal participation in over 50 drug sales).  Expert opinion may be based on hearsay or facts not in evidence, where the facts or data relied upon are of the type reasonably relied upon by experts in the field.  Fed. R. Evid. 703.

  At trial, the government anticipates calling Dr. Steven Shin, expert in orthopedic injuries with a specialty in hand injuries to discuss the scope of Officer Robles' injury, including the risks associated with finger breaks and human bite injuries.  Dr. Shin is qualified both by his extensive medical training and his twenty-six years of experience as a preeminent hand surgeon.  Dr. Shin has dozens of publications in his name, has testified previously as an expert witness, and currently practices at Cedars Sinai.  Dr. Shin also maintains a private practice, having performed surgeries on notable patients, including NFL football player Drew Brees and NBA basketball player Stephen Curry.

4

After Dr. Shin describes his qualifications, principles, and methodologies, the government will request that the Court make an express reliability finding on the record, which can be done at sidebar or on a break before Dr. Shin offers his expert opinions. The government makes this request pursuant to the decision in United States v. Holguin, 51 F.4th 841 (9th Cir. 2022), in which the Ninth Circuit held that "district courts must make explicit findings that the government's expert testimony was reliable." Id. at 851. As the Court explained, "[a] district court abdicates its gatekeeping role, and necessarily abuses its discretion, when it makes no reliability findings. Reliability findings must be made explicit on the record -- an implicit finding does not suffice. This requirement ensures that district courts engage in the reliability inquiry and create a record of that inquiry to facilitate appellate review." Id. at 851 (cleaned up).

### D. Lay Opinion Testimony

Federal Rule of Evidence 701 "permits a lay witness to give opinion testimony as long as the opinion is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue." United States v. Pino-Noriega, 189 F.3d 1089, 1097 (9th Cir. 1999) (cleaned up).

Lay opinion testimony by law enforcement officers is admissible. See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995); United States v. Barragan, 871 F.3d 689, 703-04 (9th Cir. 2017). As the Ninth Circuit has explained, law enforcement officers' opinion testimony "is a means of conveying to the [jury] what the witness has seen or heard," and such "witnesses may relate their opinions or

5

conclusions of what they observed." United States v. Skeet, 665 F.2d 983, 985 (9th Cir. 1982).  Moreover, "an investigator who has accumulated months or even years of experience with the events, places, and individuals involved in an investigation necessarily draws on that knowledge when testifying; indeed, it is those out-of-court experiences that make the witness's testimony helpful to the jury."  United States v. Gadson, 763 F.3d 1189, 1209 (9th Cir. 2014).  Rule 16 notice is not required for lay opinion testimony.  United States v. Moreno, 243 F.3d 551, 551 (9th Cir. 2000) ("Rule 16 notice was not required, however, because this testimony was properly admitted as the opinion of a lay witness.").

    Here, the government may elicit lay opinion testimony from the investigating law enforcement officers in this case, which includes testimony regarding defendant's motive to tip-off his wife that she might be the subject of arrest.

    **E.   Photographs**

    The government intends to introduce photographs of Officer Robles' injury and photographs from the Federal Building where the alleged assault occurred.  Admitting a photograph into evidence requires that the proponent meet only a very low hurdle.  "Under the Federal Rules, the witness identifying the item in a photograph need only establish that the photograph is an accurate portrayal of the item in question."  People of Territory of Guam v. Ojeda, 758 F.2d 403, 408 (9th Cir. 1985) (interpreting Fed. R. Evid. 901(b)(1)).  The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

Photographs should be admitted so long as they fairly and accurately represent the event or object in question. See <u>United States v. Oaxaca</u>, 569 F.2d 518, 525 (9th Cir. 1978). Notably, "the witness who lays the authentication foundation need not be the photographer, nor need the witness know anything of the time, conditions, or mechanisms of the taking of the picture." 32 <u>McCormick on Evid.</u> § 215 (7th ed.).

**F.   Demonstrative/Replica Exhibits**

To assist the jury in understanding the layout of the USCIS office, the government intends to offer into evidence and/or publish to the jury an overhead blueprint map of the USCIS office.

**G.   Reciprocal Discovery**

Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence," or it may "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D). To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See <u>Taylor v. Illinois</u>, 484 U.S. 400, 415 (1988) (defendant's failure to comply with, or object to, government's

7

discovery request before trial justified exclusion of unproduced evidence).

**V.   CONCLUSION**

The government respectfully requests leave to supplement this Trial Memorandum, as appropriate.