CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SHANNON COIT (Bar No. 298694)
E-Mail: Shannon_Coit@fd.og
RYAN SHELLEY (Bar. No. 337528)
E-Mail: Ryan_Shelley@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4784
Facsimile: (213) 894-0081

Attorneys for Defendant
MAKSIM ZAITSEV

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>                 v.<br><br>MAKSIM ZAITSEV,<br><br>                 Defendant. | Case No. 2:25-cr-00154-SPG<br><br>**MAKSIM ZAITSEV'S SECOND *EX PARTE* APPLICATION FOR ISSUANCE OF OUT-OF-DISTRICT WRIT OF HABEAS CORPUS AD TESTIFICANDUM** |

1

## APPLICATION FOR WRIT ISSUANCE

2      Maksim Zaitsev applies ex parte for a second time for an order issuing a Writ of

3   Habeas Corpus Ad Testificandum for Kseniia Popova, Mr. Zaitsev's long-term partner

4   who is being held at the Northwest ICE Processing Center (NWIPC) in Tacoma,

5   Washington.

6      Mr. Zaitsev filed his initial ex parte application on April 25, 2025, and the Court

7   denied it without prejudice on May 1, 2025. In denying the application, the Court cited

8   the factors courts must weigh in civil cases when determining whether to issue a writ of

9   habeas corpus ad testificandum. Dkt. 74 at 3 (citing *Brooks v. Centurion of Arizona*

10  *LLC*, No. CV-21-00265-TUC-JCH, 2022 WL 625728, at *1 (D. Ariz. Feb. 2, 2022) &

11  *Wiggins v. Cty. of Alameda*, 717 F.3d 466, 468 n.1 (9th Cir. 1983)). Those factors

12  include (1) whether the prisoner's presence will substantially further the resolution of

13  the case; (2) the security risks presented by the prisoner's presence; (3) the expense of

14  the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed

15  until the prisoner is released without prejudice to the cause asserted. *Id.* The Court

16  found that the ex parte application had satisfied factors (1) and (2), but denied it

17  because the third factor had not been addressed. Specifically, the Court requested

18  information regarding the logistics and costs of transferring Ms. Popova from

19  administrative ICE custody to the custody of the U.S. Marshal Service, transporting and

20  housing her in the District, and returning her to ICE custody. *Id.*

21      The defense disagrees that this standard applies to defendants in criminal cases,

22  who, unlike civil plaintiffs, have a constitutional right to compulsory process to obtain

23  witnesses and evidence in their favor. *Soo Park v. Thompson*, 851 F.3d 910, 919 (9th

24  Cir. 2017) ("The right to compulsory process encompasses '[t]he right to offer the

25  testimony of witnesses, and to compel their attendance, if necessary.'" (quoting

26  *Washington v. Texas*, 388 U.S. 14, 18-19 (1967))). District courts may issue testimony

27  writs to secure a detained witness's presence at trial. *Wiggins v. Alameda Cty.*, 717 F.2d

28  466, 468 & n.1 (9th Cir. 1983); *Greene v. Prunty*, 938 F. Supp. 637, 638 (S.D. Cal.

1996). "Courts have generally required criminal defendants requesting such writs to comply with Fed. R. Crim. Proc. 17(b), which looks for a satisfactory showing . . . that the presence of the witness is necessary to an adequate defense." *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991). As the Ninth Circuit has explained, that necessity showing is met so long as the defendant avers colorable facts "which, if true, would be relevant to any issue in the case[.]" *United States v. Sims*, 637 F.2d 625, 627 (9th Cir. 1980).

Nevertheless, the defense has conferred with government counsel regarding the information requested by the Court and was provided cost estimates for Ms. Popova's transportation and confirmation that she can be housed in custody at MDC in Los Angeles while she is in the District to serve as a witness. *See* Shelley Decl. ¶ 4. Now that the government has been made aware of the defense's request for Ms. Popova to be made available as a witness, the parties can coordinate any further logistics that need to be arranged.

For the reasons stated above, in the initial ex parte application, and in the accompanying declaration, Mr. Zaitsev requests that the Court grant this application and issue the out-of-district writ attached to the accompanying [Proposed] Order.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 7, 2025          By  */s/ Ryan Shelley*
                            Ryan Shelley
                            Shannon Coit
                            Deputy Federal Public Defenders

## DECLARATION OF RYAN SHELLEY

I, Ryan Shelley, hereby state and declare as follows:

1.      I am a California-licensed Deputy Federal Public Defender in the Central District of California appointed to represent Maksim Zaitsev, in the above-titled action. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2.      Mr. Zaitsev is charged with assault on a federal officer resulting in bodily injury. He intends to call Kseniia Popova as a witness.

3.      Ms. Popova is currently being held at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington.

4.      I conferred with government counsel regarding the information requested by the Court in its order denying the first ex parte application. In response, AUSA Neil Thakor shared the following information via email:

      a.  The approximate costs of transporting Ms. Popova from Tacoma, Washington to Los Angeles includes the following:

            i.  3 roundtrip tickets from Tacoma to LAX, for two agents and Ms. Popova. Assuming a flight at 6:30 am on May 21 and a return flight at 1:58 pm the same day, the current cost for each flight would be $562 (not including taxes and fees) for a total cost of approximately $1700.

            ii.  Rental car for transport to and from airport (approx. $100-$250)

            iii.  Labor costs, and possibly overtime, for 2 agents to escort Ms. Popova (not yet calculated).

      b.  MDC that they can house ICE detainees, but only for 48 hours maximum. Ms. Popova would need to be under lockdown the entire time she is housed at MDC because she must be kept separate from the other pretrial inmates.

5.      Mr. Zaitsev is indigent and unable to pay for the witness fees associated with transporting and housing for herself.

6.      I have attached as Exhibit 1 to this Application a Form Application for Writ of Habeas Corpus Ad Testificandum.

7.      I am also requesting that this Court recommend that Ms. Popova be transported either unrestrained or in soft restraints. She has no criminal history and is in administrative rather than criminal custody, so any restraints, but especially hard restraints are unnecessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 7, 2025, at Los Angeles, California.


_/s/ Ryan Shelley_
Ryan Shelley