**DECLARATION OF RAHUL R.A. HARI**

I, RAHUL R.A. HARI, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I, along with AUSA Neil Thakor, am assigned to represent the government in United States v. Zaitsev, 2:25-cr-154-SPG. This declaration is made in support of the government's opposition to defendant's motion to dismiss, (Dkt. 91).

2. On May 14, 2025, AUSA Thakor and I represented the government at a final pre-trial conference in this case, which is set for trial on May 20, 2025. The hearing concluded at approximately 10:00 a.m.

3. AUSA Thakor and I returned to our office to conduct witness preparation meetings in advance of the May 20, 2025 trial in this case. Special Agent Thomas J. Smith attended these meetings. From 11:00 a.m. to 12:00 p.m., the three of us met with a witness who is not relevant to defendant's motion.

4. At noon, Officer Farris Hisle arrived at our office for his pre-scheduled witness preparation meeting. During the meeting, Officer Hisle, unprompted, informed me, AUSA Thakor, and Special Agent Smith of his interaction with defendant that morning. He described the events outlined in the report of Special Agent Smith, which is attached as Exhibit C to defendant's motion.

5. AUSA Thakor and I responded by immediately informing both Special Agent Smith and Officer Hisle that we would be disclosing the interaction to defense counsel. We instructed Special Agent Smith to create a report of what Officer Hisle had described so that we could disclose it to the defense.

     6.    After the meeting with Officer Hisle ended, AUSA Thakor and I conferred with our supervisors regarding what Officer Hisle had described to us.  Every prosecutor agreed that the incident should be disclosed to the defense, consistent with our representations to Special Agent Smith and Officer Hisle.

     7.    On May 15, 2025, while our office was waiting on Special Agent Smith's report, defense counsel emailed me and AUSA Thakor asking us to confirm whether an interaction between Officer Hisle and defendant had occurred.  I responded within a half-hour confirming that an interaction had taken place, and that Special Agent Smith was in the process of creating a report of the incident.  This email exchange is attached as Exhibit E to defendant's motion.

     8.    At 2:08 p.m., I received a copy of Special Agent Smith's report.  I produced a Bates-stamped version of the report to defense counsel within the hour.  A copy of my email sending that production is attached as Exhibit F to defendant's motion.

     9.    The same evening, our office conferred with supervisors at ICE to investigate (1) how it came to be that Officer Hisle had the interaction with defendant in the first place, and (2) ensure that it would not happen again with Officer Hisle or any other ICE officer relevant to this case.  ICE supervisory staff stated they were unaware of the incident and further assured our office that neither Officer Hisle nor any other ICE employees who might be witnesses in this case would interact with defendant or be assigned to his intake or transport for the remainder of this case.  Further, ICE supervisory staff confirmed that it would initiate its own internal investigation into whether Officer Hisle's conduct violated ICE's internal policies or practices and would discipline Officer Hisle if

so. I provided an update to defense counsel that evening via email, which is attached as Exhibit H to defendant's motion.

10. The next morning, on May 16, 2025, the parties met and conferred multiple times, both in person at a pre-arranged site visit and via telephone conversations, including with a supervisor from the U.S. Attorney's Office. Defense counsel indicated that it intended to move to dismiss the indictment and requested a copy of video from the incident, which the government obtained and provided that afternoon. The video is attached as Exhibits D and G to defendant's motion. The government also received and produced Officer Hisle's report detailing his account of the interaction with the defendant the same afternoon. That report is attached as Exhibit I to defendant's motion. Further, during the meet and confer process, the government agreed that it would not call Officer Hisle to testify, but if defendant called him, the government would not oppose a defense examination on the officer's choice to interact with defendant and the nature of that interaction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 18, 2025.

                                    _____/s/_____
                                    Rahul R.A. Hari